HOWARD E. TAFF and Others, Plaintiffs, *v.* THE BOARD OF FIRE COMMISSIONERS OF THE BELLEROSE TERRACE FIRE DISTRICT, Comprised of WILLIAM J. BEHREND, as Chairman, MICHAEL J. MALLOY and Others, and BELLEROSE TERRACE FIRE DEPARTMENT, Defendants.

Supreme Court, Nassau County, January 26, 1938.

*Frank J. Vande Water*, for the plaintiffs.

*James M. O'Connell*, for the defendants.

HOOLEY, J.    Action to restrain the board of fire commissioners of the Bellerose Terrace Fire District from prohibiting plaintiffs

from attending meetings of the Bellerose Terrace Fire Department and otherwise performing their duties as firemen.

By the stipulated facts it appears that on October 5, 1935, the secretary of the said fire district wrote letters to the plaintiffs advising them that they had served as members of the department for five years and, therefore, were entitled to exemption certificates. The plaintiffs made the necessary applications and certificates were issued to them on February 22, 1936. They received notice of and attended a meeting of the fire department on March 16, 1936, at which time they were escorted from the meeting and were advised that they were no longer members of the department by virtue of article VIII, section IV, of the Rules and Regulations of the Department which provide: " Every member upon receiving his Volunteer Fireman Exemption Certificate shall automatically cease to be a member of this Department."

This rule had been adopted February 4, 1936, on which date the by-laws had been revised.

The plaintiffs contend that the board of fire commissioners is without power to deprive them of their status as active firemen by rules and regulations and that hence the provision of the by-laws aforesaid is illegal and void.

Section 200 of the General Municipal Law, in so far as it is pertinent herein, provides as follows:

" § 200. Defining qualifications of exempt volunteer firemen. An exempt volunteer fireman is hereby declared to be a person who as a member of a volunteer fire company duly organized under the laws of the State of New York shall have at any time after attaining the age of eighteen years faithfully actually performed service in the protection of life and property from fire within the territory immediately protected by the company of which he is a member and while a *bona fide* resident and, if of full age, an elector therein for a period of five consecutive years."

Sections 200-a and 200-b of the General Municipal Law also clearly indicate that when one comes within those sections and within section 200 " he shall be deemed an exempt volunteer fireman."

It is readily apparent that to become an " exempt volunteer fireman " it is necessary only to comply with any of the foregoing sections. The plaintiffs having served five successive years and otherwise having complied with section 200 aforesaid, were *ipso facto exempt volunteer firemen.* No certificate was necessary to give them this classification.

Section 202 of the General Municipal Law, which provides for the issuance of a certificate to exempt volunteer firemen, contem-

plates that application may be made by four classes of persons who have otherwise complied with section 200 aforesaid:

(1) One who was honorably discharged (in which event the certificate shall so state);

(2) *One who is in good standing at the time the application is made;*

(3) One who was in good standing at the time he was discharged therefrom;

(4) One who was in good standing at the time of the disbandment of a company.

The plaintiffs herein were desirous of continuing in active service. It is in the public interest that they should be allowed to do so because the experience they have gained makes them more valuable as firemen. The foregoing sections indicate that the Legislature realized the value of experience and did not contemplate that a fireman should lose his membership in a fire department merely because he sought a certificate to evidence the fact that he was an exempt volunteer fireman. Otherwise the provision in section 202, subdivision 2, for an application for such certificate by a member in good standing would not have been inserted.

The court holds that article VIII, section IV, of the by-laws in question is in violation of the statutes with reference to exempt volunteer firemen and is entirely in violation of the spirit thereof and is declared to be void and of no effect. Whatever the power of the board of fire commissioners may be in respect to providing in the by-laws that *all* exempt firemen would automatically cease to be active members, as to the existence of which power the court has grave doubts, it certainly is beyond the power of the board of fire commissioners to make the test of exclusion the granting of the certificate of exemption. There may be no such discrimination.

Plaintiffs applied for certificates as members in good standing and the certificates issued should so state and should be amended by inserting the word " not " before the words " honorably discharged " in the space therein provided in the certificates.

It does not appear from the stipulated facts whether the fire department herein is incorporated or unincorporated but plaintiffs' counsel in his brief asserts that it is unincorporated and this has been deemed to be the fact. In the event, however, that defendant fire department was incorporated and that section 114 of the Membership Corporations Law applied, the ruling of the court would be the same.

If we assume, however, that article VIII, section IV, is valid there is another reason why plaintiffs herein should succeed.

Article VIII, section II, of the by-laws of 1930 provided that the same could be repealed, amended or additions made thereto but

that no amendment or addition should become effective *until thirty days after adoption* thereof. Article VIII, section XXXIII, of the by-laws, as revised on February 4, 1936, provided: " These rules and regulations shall take effect immediately." The revision of 1936 was substantially to give effect to changes in the statute. The main portion of the by-laws not affected by new laws remained practically the same. Article VIII, section IV, was a new section and it is not claimed that this came into existence because of any statutory enactment as in the case of the other changes in the by-laws. The court holds that article VIII, section IV, was in effect an amendment to the by-laws of 1930 and that article VIII, section II, of the 1930 by-laws applied and that such being the case when it was enacted on February 4, 1936, it did not take effect until March 4, 1936, and hence it did not affect the plaintiffs herein who received their certificates on February 22, 1936.

Judgment for plaintiffs. Submit findings and judgment accordingly.